**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JORDAN ATKINSON,** | **Civil Action No. 09-4863 (FLW)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM OPINION** |
| **MIDDLESEX COUNTY, et al.,** | |
| **Defendants.** | |

**BONGIOVANNI, Magistrate Judge,**

This matter comes before the Court upon a Motion for a More Definite Statement [Docket Entry No. 23] filed by Defendants Middlesex County Board of Freeholders, Freeholders Christopher Rafano, James Polos, Blanquita Valenti, Camille Fernicola, Ronald Rios and Carol Barrett and former Freeholders Stephen Dalina, John Pulomena and David Crabiel ("Defendants"). The Court notes that a separate group of defendants have also filed a subsequent Motion for a More Definite Statement [Docket Entry No. 24] which is very similar in substance to Defendants' Motion. The Court has reviewed Defendants' moving papers and considers Defendants' Motion without oral argument pursuant to FED.R.CIV.P. 78. The Court notes that, in response, Plaintiff Jordan Atkinson ("Plaintiff") has filed a Cross Motion to Produce [Docket Entry No. 26] which also serves as his opposition to Defendants' Motion. Defendants have filed an opposition to Plaintiff's cross motion. For the reasons stated more fully below, Defendants' Motion for a More Definite Statement is GRANTED and Plaintiff's Cross Motion to Produce is DENIED WITHOUT PREJUDICE.

**I.     Background**

On September 21, 2009, Plaintiff, a prisoner confined to the Middlesex County

Correctional Facility, filed a complaint [Docket Entry No. 1]. Plaintiff named as Defendants the County of Middlesex, Middlesex County Board of Freeholders, Middlesex County Adult Correction Center and not less than fourteen individuals either employed by the County and/or County entities. (Pl.'s Compl. at ¶ 3-11)  Plaintiff alleges that Defendants committed illegal conduct, including "without limitation violation of civil rights, acting under color of law violations of the first, fourth, fifth, sixth, eighth and fourteenth amendments of the Constitution of the United States of America, violations of Article I Sections 1, 2a, 5, 6, 7, 8, 10, 11, 12, of the Constitution of the State of New Jersey, false police reports, false official reports, false information, false swearing, theft recklessness and/or gross negligence and/or intentional and/or willful and/or wanton and/or in disregard of the rights of Plaintiff and/or punitive and/or retaliatory and/or infliction of emotional distress and/or criminal and/or misconduct in office and/or as proof and evidence otherwise provides in support of any and all other illegal conduct." (*Id*. at ¶ 16). Plaintiff further alleges against all parties Federal Civil Rights and State Civil Rights violations, including common law violations of unlawful search and seizure, false arrest, false imprisonment, gross negligence, intentional and negligent infliction of emotional distress, invasion of privacy, negligent hiring and negligent supervision, among others. (*Id*. at ¶ 24-34). In each of the separate counts of the Complaint, Plaintiff does not refer to any specific individual defendant, but rather uses the term "Defendants one or more of them" throughout. Further, no factual detail is provided in the Complaint except as to Count 1, which deals with Plaintiff being assaulted by another prisoner who is not listed as a Defendant in the Complaint.

Defendants argue that the Complaint is insufficient and that the Court should require Plaintiff to file a more definite statement pursuant to FED.R.CIV.P. 12(e).  Defendants further

argue that "Plaintiff's allegations are overly broad, making it impossible for the parties to assess the Plaintiff's claims as against the individual Defendants." (Defs.' Br. at 5). Defendants further argue that the Complaint needs to include a degree of specificity to establish fair notice to each of the individual defendants as well as sufficient factual allegations as to each of these parties. (Defs.' Br. at 5). Defendants also argue that the individual defendants in this matter may be entitled to the affirmative defense of qualified immunity and that Plaintiff's claims for state common law causes of action are subject to the notice requirements of the New Jersey Tort Claims Act (N.J.S.A. 59:8-1 et seq.). (Defs.' Br. at 6). Because both of these defenses are intended to permit defendants to bring a dismissal motion early in the proceedings, Defendants ask for a more definite statement because they are currently unable to do so based on the extremely vague nature of the Complaint. (Defs.' Br. at 6-7).

In response, Plaintiff has filed a Cross Motion to Produce [Docket Entry No. 28] in which he asks the Court to order that Defendants provide Plaintiff with "all of Plaintiff's notes, legal documents, personal papers and items, together [with] any and all files, records, documents, video media, audio media, photographic media, electronic media, and all other items, things and matters in the possession of, maintained by, under the control of, or obtained by each defendant concerning or relating to his incarceration at the Middlesex County Correction Center." (Pl.'s Cert. at ¶ 4). Plaintiff further states that the Cross Motion to Produce also serves as his opposition to Defendants' Motion for a More Definite Statement. (Pl.'s Cert. at ¶ 6). Plaintiff contends that his reason for filing the Motion to Produce is so that he will be able to file a more definite statement with the Court. (Pl.'s Cert. at ¶ 10). Plaintiff does not cite any and factual basis or legal authority for the Court granting his Motion and/or not granting Defendants'

Motion.

Defendants have filed an opposition to Plaintiff's Motion to Produce [Docket Entry No. 31]. Defendants argue that the information necessary for the Plaintiff to articulate his causes of action and the grounds upon which they are based are within Plaintiff's own personal knowledge. (Defs.'Br. at 2). Defendants further argue that Plaintiff's cross motion is nothing more than a "thinly veiled attempt to obtain documents in the hopes of discovering a possible cause of action against the Defendants." (*Id*. at 2). Moreover, the Defendants argue that the Plaintiff's request for documents is extremely vague and overbroad, such that the Defendants are unable to respond. (*Id*. at 2). Lastly, the Defendants point out that Plaintiff fails to cite any factual basis or legal authority which would entitle him to the relief sought. (*Id*. at 3).

**II.     Analysis**

**A.**

Pursuant to FED.R.CIV.P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  While under the Court's notice pleading standard, detailed factual allegations are not needed, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotations and citations omitted).  Thus, a complaint must set forth "enough factual matter (taken as true) to suggest" the required elements of a cause of action.  *Id*. at 556.

Here, Plaintiff's Complaint fails to give Defendants fair notice of the claims being

4

brought against them.  Indeed, the Complaint, itself, is almost entirely bereft of facts.  Instead, Plaintiff simply lists several broad claims, such as "[t]he Defendants, one or more of them subjected the palintiff [sic] to mistreatment" and "[t]he Defendants, one or more of them subjected the defendant  [sic] to an unlawful search and seizure", without including any factual allegations that would suggest that the pleader is entitled to relief on same counts. (Pl.'s Compl. at ¶ 32-33).  While Plaintiff names numerous separate individual defendants, he fails to identify both the specific prohibited conduct in which each defendant allegedly engaged as well as how Plaintiff was harmed by same.  The inclusion of this factual information is necessary "to raise [Plaintiff's] right to relief above the speculative level" (*Twombly*, 550 U.S. at 555) and its absence makes Plaintiff's Complaint "so vague [and] ambiguous" that Defendants "cannot reasonably prepare a response."  FED.R.CIV.P. 12(e).  The Court holds that Defendants' Motion for a More Definite State is GRANTED.

**B.**

The Third Circuit Court of Appeals has held that "discovery is not intended as a fishing expedition permitting the speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action." *Zuk v. Eastern Pa. Psychiatric Inst. of Med. College of Pa.*, 103 F.3d 294, 299 (3d Cir.1996); *see also Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed.Cir.1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable without discovery, not to find out if it has any basis for a claim. That the discovery might uncover evidence showing that a plaintiff has a legitimate claim does not justify the discovery request . . . .") (citations omitted). It is clear to the Court that Plaintiff is seeking to use discovery as a fishing

5

expedition in order to support the basis of a speculative pleading. Therefore, to allow discovery at this point in the case would be "plainly in violation of the Federal Rules." *Strait v. Mehlenbacher*, 526 F.Supp. 581, 584 (W.D.N.Y.1981). Plaintiff's Motion to Produce is DENIED WITHOUT PREJUDICE.

## III.   Conclusion

For the reasons stated above, Defendants' Motion for a More Definite Statement is GRANTED and Plaintiff's Motion to Produce is DENIED WITHOUT PREJUDICE.  An appropriate Order follows.

Dated: January 28, 2010

**s/Tonianne J. Bongiovanni**
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

6