*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORDAN ATKINSON, | : |
| Plaintiff, | : Civil Action No. 09-4863 (FLW) |
| v. | : |
| | : **MEMORANDUM OPINION & ORDER** |
| MIDDLESEX COUNTY, *et al.*, | : |
| Defendants. | : |

**WOLFSON, District Judge**:

In November 2013, this Court entered an Order denying Plaintiff Jordan Atkinson's ("Plaintiff") 1) motion to reopen the instant matter, which was filed approximately two years after this case was closed, and 2) motion to amend the First Amended Complaint ("November Order"). The Court found that Plaintiff failed to meet the requirements of reopening a civil matter under Fed. R. Civ. P. 60(b). Now, Plaintiff moves for reconsideration of the November Order. Because the issues Plaintiff raises in this motion warrant a full discussion, the Court renders this written Opinion to provide further explanations why Plaintiff's previous request to reopen this suit must be denied, and for the same reasons, Plaintiff's motion for reconsideration is **DENIED**.

BACKGROUND and PROCEDURAL HISTORY

Plaintiff, represented by his former attorney, Gerald Gordon, Esq., filed his Initial § 1983 Complaint on September 21, 2009, against defendants Middlesex County, Middlesex County Board of Freeholders, Middlesex County Adult Correction Center and

various other individual defendants (collectively, "Defendants"). In that Complaint, Plaintiff alleged, *inter alia*, that because of Defendants' failure to act or protect, Plaintiff was sexually assaulted in September 2007 while confined in prison. *See* Orig. Compl., ¶¶ 20-23. However, because the Complaint was, on its face, woefully deficient, various defendants moved for more definite statement. Those motions were granted by the Magistrate Judge, and as a result, Plaintiff was directed to file a statement setting forth his claims. Thereafter, the Magistrate Judge further directed Plaintiff to file a motion to amend the Complaint, which motion was filed in April 2011. However, rather than oppose Plaintiff's motion to amend, Defendants filed cross-motions to dismiss the proposed Amended Complaint.

On May 31, 2011, this Court granted Defendants' motions to dismiss, explaining that:

> in response to Defendants' motions to dismiss, Plaintiff argues that he needs discovery in order for him to sufficiently allege all of the counts; however, at this juncture, discovery is irrelevant as to the sufficiency of pleadings; it appearing that none of the counts identify to which of the varying defendants the count is directed, and the counts only contain vague, one sentence allegations as the entire cause of action; indeed, a majority of the counts contain legal conclusions which fails to comport with the *Twombly* standard; for example, titled as counts XV-XVIII, Plaintiff simply alleges that he has been "libeled," "slandered," and "held in false light," and furthermore, for counts XXII and XIV, Plaintiff alleges "gross negligence" and "negligence" as the only allegations in those counts; it appearing that clearly, all of the counts are grossly insufficient as pled.

Order dated May 31, 2011 ("Dismissal Order"). Importantly, Plaintiff's claims were dismissed **without prejudice** and the Court did not provide Plaintiff leave to amend his Complaint. For reasons not relevant here, Plaintiff's relationship with his prior counsel, Mr. Gordon, broke down. By Plaintiff's own account, after the dismissal, Mr. Gordon

advised Plaintiff that Plaintiff had certain period of time to take further action to prosecute his case. In that regard, at that time of dismissal, Plaintiff could have - either on his own behalf or with replacement counsel - 1) moved pursuant to Fed. R. Civ. P. 59(e) to amend the judgment; 2) moved for reconsideration of the Court's Order; 3) appealed the Order to the Third Circuit; or 4) moved to reopen the matter pursuant to Fed. R. Civ. P. 60(b). Unfortunately, Plaintiff did not pursue any of those options; rather, almost two months after the dismissal of his case, Plaintiff submitted a letter asking the Court to "freeze" this matter since he was unsuccessful at finding legal representation.[1]

On May 20, 2013 - nearly two years after the closure of this case - Plaintiff's new attorney, Paul Linker, Esq., filed a motion to reopen on Plaintiff's behalf and sought to amend the original Complaint pursuant to Rule 15(a). The Court denied that motion on the basis that Plaintiff failed to satisfy Rule 60's requirements. In particular, the Court noted Plaintiff could not move to reopen the matter pursuant to the liberal standard of Rule 15 because Rule 60 governs the reopening of cases, and that Rule only allows a party to seek relief from a final judgment under a limited set of circumstances. The Court found that not only was the filing of Plaintiff's motion untimely under Rule 60(b)(1), (2) and (3), but that Plaintiff's excuses for delaying approximately two years to reopen this case did not meet the extraordinary circumstances standard pursuant to Rule 60(b)(6)'s "catch-all" provision.

After the denial of his motion to reopen, Plaintiff, now, moves for this Court to reconsider its ruling. The gravamen of Plaintiff's argument is that an order dismissing a

---

[1]  Indeed, in the same letter, Plaintiff also sought the Court's assistance by requesting *pro bono* counsel, despite failing to submit the proper application. Regardless, Plaintiff's request, at that time, was improper since there was no pending complaint or case.

3

complaint without prejudice is not final, and thus, it cannot terminate the case. By Plaintiff's logic, because his Complaint was dismissed in May 2011 without prejudice, Plaintiff may move, pursuant to Rule 15, to amend his Complaint any time after dismissal. Indeed, Plaintiff maintains that not even the passage of a significant period of time can transform a dismissal without prejudice into a final order.

## DISCUSSION

### I. Standard of Review

Local Civil Rules 7.1(i) governs a motion for reconsideration. *Clark v. Prudential Ins. Co. of Am.*, 940 F. Supp. 2d 186, 189 (D.N.J. 2013); *see* L. Civ. R. 7(i). The Rule states that "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i). A party may seek reconsideration of a court's decision if the party "believes the Judge or Magistrate Judge has overlooked" a "matter or controlling decisions" when it ruled on the motion. *Clark*, 940 F. Supp. 2d at 189. The word "overlooked" is the operative term in the Rule. *Id.*

In order to succeed on a motion for reconsideration, the movant has the burden of demonstrating at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). To succeed under the third prong, "the movant must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *D'Argenzio v. Bank of Am. Corp.*, 877 F. Supp. 2d 202, 207 (D.N.J. 2012).

Furthermore, the movant must demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in "manifest injustice" if not addressed. *Leja v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010).

In addition, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998). In other words, Local Rule 7.1(i) "does not permit a Court to rethink its previous decision, rather, the rule permits reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Buffa v. N.J. State Dep't of Judiciary*, 56 Fed. App'x 571, 575 (3d Cir. 2003); *see P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.") (citations and quotations omitted); *see also CPS MedManagement LLC v. Bergen Reg'l Med. Ctr., L.P.*, 940 F. Supp. 2d 141, 168 (D.N.J. 2013) ("The motion [for reconsideration] is not a vehicle for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment.").

Here, Plaintiff submits that this Court "overlooked" the fact that a dismissal without prejudice does not constitute a final order terminating a case. Thus, Plaintiff reasons, Rule 60 should not have governed the reopening of this matter. In support of his position, Plaintiff cites various Third Circuit precedents that stand for the legal proposition that dismissal without prejudice is not a final order for the purposes of appeal. *See, e.g.*, *WRS, Inc. v. Plaza Entm't, Inc.*, 402 F.3d 424 (3d Cir. 2005).

5

Plaintiff's argument in this context is not without some support. This Court has conducted a lengthy review of the case law on this issue and found that circuit courts across the country have affirmatively found that "the dismissal of an action - whether with or without prejudice - is final." *Ciralsky v. Central Intelligence Agency*, 355 F.3d 661, 666 (D.C. Cir. 2004); *see Rinieri v. News Syndicate Co.*, 385 F.2d 818, 821 (2d Cir. 1967); *Mirpuri v. ACT Mfg.*, 212 F.3d 624, 629 (1st Cir. 2000); *De Tie v. Orange County*, 152 F.3d 1109, 1111 (9th Cir. 1998); *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 626 (7th Cir. 1995); *Justice v. United States*, 6 F.3d 1474, 1481 (11th Cir. 1993); *Quartana v. Utterback*, 789 F.2d 1297, 1300 (8th Cir. 1986).

The Third Circuit, however, has not directly addressed the issue whether a dismissal without prejudice is final for the purposes of terminating a case. In the appeals context, the Third Circuit has explained that "dismissals without prejudice have been held to be final and appealable if they end the suit so far as the District Court was concerned, although [the Third Circuit has] indicated that such dismissals may not constitute final orders until the party seeking relief renounces any intention to reinstate litigation." *Trent v. Dial Med. of Florida, Inc.*, 33 F.3d 217, 220 (3d Cir. 1994). Plaintiff relies on this line of reasoning, as well as other similar precedents, to support his position that the Court's Dismissal Order, which dismissed this case without prejudice, was not final and therefore, it did not terminate the case. Additionally, Plaintiff maintains that he never had any intention of abandoning this lawsuit, despite Plaintiff taking almost two years to file

his motion to reopen. Indeed, the Third Circuit is unclear on the finality of an order that outright dismisses a suit without prejudice and without leave to amend.[2]

Notwithstanding such ambiguity, the Third Circuit is quite clear on the following:

> Ordinarily, an order dismissing a complaint without prejudice is not a final and appealable order. *Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002). This principle, however, does not apply if the statute of limitations has run by the time the court orders dismissal without prejudice.
>
> A "statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice," as "the original complaint is treated as if it never existed." *Cardio-Medical Assocs. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983). Therefore, the dismissal of a complaint without prejudice ***after*** the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal and refile the complaint. *Ahmed*, 297 F.3d at 207. In these circumstances, the order dismissing the complaint without prejudice is considered a final and appealable order. *Id.*

*Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) (emphasis added).

Here, there is no dispute that Plaintiff timely initially brought his § 1983 claims against Defendants within the applicable two-year statute of limitations, albeit, Plaintiff filed on the last possible day before the statute of limitations ran. Indeed, the alleged assault occurred in September 2007 and the Complaint was filed in September 2009. Subsequently, the Court dismissed the Complaint on May 31, 2011, and importantly,

---

[2] While this precise issue need not be resolved here, the Court finds the First Circuit's reasoning, in Mirpuri, sound:

> the phrase "without prejudice," when attached to a dismissal order, is not to be read as an invitation to amend, but rather as a signification that the judgment does not preclude a subsequent lawsuit on the same cause of action either in the rendering court or in some other forum. If leave to amend is contemplated, we require an express judicial statement to that effect because doing so avoids confusion over when a plaintiff's right to amend a dismissed complaint terminates, the order becomes final, and the time for appeal begins to run.

Mirpuri, 212 F.3d at 628 (internal quotations and citations omitted).

7

Plaintiff was not given leave to amend. As a result, at the time of dismissal, the two-year statute of limitations on Plaintiff's claims expired. Thus, by dismissing the Complaint without prejudice, the Court foreclosed Plaintiff's ability to remedy the pleading deficiencies underlying the dismissal and refile the complaint. In that regard, the Dismissal Order is considered final. *Id.*; *Green v. Humphrey Elevator & Truck Co.*, 816 F.2d 877, 878 n. 4 (3d Cir. 1987) (sustaining appellate jurisdiction over dismissal of complaint based on running of statute of limitations); *Zhai v. Stevens Institute of Tech.*, No. 12-1504, 2014 WL972143, at *5 (D.N.J. Mar. 11, 2014).

Furthermore, because the Dismissal Order is a final judgment, Plaintiff could not use Rule 15 to amend the complaint. *Ahmed*, 297 F.3d at 207. In a similar factual scenario as the case at bar, the Third Circuit advised that "[a]lthough Rule 15 vests the District Court with considerable discretion to permit amendment 'freely ... when justice so requires,' the liberality of the rule is no longer applicable once judgment has been entered. At that stage, it is Rules 59 and 60 that govern the opening of final judgments." *Id.* In other words, "once a judgment is entered the filing of an amendment [under Rule 15] cannot be allowed until the judgment is set aside or vacated under Rule 59[3] or Rule 60." *Id.* (quotations and citations omitted).

Based on the foregoing discussion, because the Court's Dismissal Order is final, the only manner in which Plaintiff can now revive his Complaint is through Rule 60(b)(6) – the "catch-all" provision of Rule 60(b). As to that analysis, the Court found, in its November Order, that Plaintiff had not met the extraordinary circumstances standard to

---

[3] Plaintiff did not file a motion to amend the judgment under Rule 59 within 28 days from the date of the Dismissal Order. *See* Fed. R. Civ. P. 59(e).

justify reopening this case.[4] For the sake of completeness, I will further comment on that aspect of the Court's ruling.

Under the catch-all provision in Rule 60(b)(6), a party seeking relief from final judgment "must demonstrate the existence of extraordinary circumstances that justify reopening the judgment." *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008). However, "extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices." *See Id*. In addition, the Court must bear in mind that Rule 60(b)(6) is "used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir, Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

A client is responsible for the consequences of his voluntarily chosen counsel; thus, an attorney's neglect or incompetence generally does not constitute extraordinary circumstances. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962); *Carter v. Albert Einstein Med. Ctr.*, 804 F.2d 805, 807 (3d Cir. 1986). However, under certain conditions courts have found extraordinary circumstances where an attorney wholly abandons his or her client's case. *Boughner v. Sec'y of Health, Educ., & Welfare,* 572 F.2d 976, 977 (3d Cir. 1978). In *Boughner*, the court found extraordinary circumstances where the attorney's "egregious conduct amounted to nothing short of leaving his clients

---

[4] In response to Plaintiff's previous motion to reopen this matter, Defendants filed a cross-motion to dismiss Plaintiff's claims in his Proposed Amended Complaint based on the expiration of the statute of limitations. In that context, Plaintiff argued that the statute of limitations should be equitably tolled. Because this Court's inquiry is whether Plaintiff is entitled to reopen his case under Rule 60(b)(6), the Court need not discuss whether equitable tolling is appropriate. Worded differently, the Court might have reached the equitable tolling issue only if this case were reopened. *See, e.g., Gandy v. Pepsi-Cola & National Brand Beverages, LTD.*, No. 10-1932, 2012 WL 3821873, at *5 (D.N.J. Sep. 4, 2012).

unrepresented." *Id.* In so holding, the court emphasized the "gross" nature of the attorney's conduct. *See Id.* at 977-78; *see also Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240-42 (3d Cir. 1999) (distinguishing "garden variety" attorney neglect in failure to file a complaint from gross attorney misconduct in making an affirmative misrepresentation to client).

Here, Plaintiff argues a "perfect storm" of events transpired in his case, which, when considered in their aggregate, constitute extraordinary circumstances warranting a grant of relief under Rule 60(b)(6). Plaintiff's main contention revolves around his former attorney's alleged misconduct. In particular, Plaintiff complains that Mr. Gordon failed to apprise him of the status of the lawsuit throughout the litigation, which Plaintiff claims amounted to a "total communication breakdown" between them. Additionally, Plaintiff argues that his inability to secure replacement counsel in a timely fashion - despite his purportedly diligent attempts - after dismissal of this case was extraordinary. In that connection, Plaintiff submits letters that he sent to state government entities and this Court evidencing his attempts in seeking assistance to find replacement counsel.

Nothing Plaintiff raises here rises to the level of extraordinary circumstances. As to Plaintiff's former attorney's alleged misconduct, Mr. Gordon did not abandon Plaintiff's case. Although Plaintiff argues that he and Mr. Gordon had a breakdown in their attorney-client relationship, there are no allegations of misrepresentation on the part of Mr. Gordon and Mr. Gordon did not absolve himself of his responsibilities in this case. To the contrary, Mr. Gordon filed two separate complaints on Plaintiff's behalf, complied with the instructions given by the Magistrate Judge, and he opposed Defendants' motions to dismiss, albeit unsuccessfully. Nor did Mr. Gordon fail to communicate with Plaintiff

after the case was dismissed. By Plaintiff's own admission, Mr. Gordon advised him of the period for further action after the dismissal and expressed a willingness to consult with future counsel retained by Plaintiff. Plaintiff was well aware that the case was dismissed, and that he needed to take action if he intended to further pursue his claims. As stated in this Court's November Order, Plaintiff's grounds for reinstatement is based upon his displeasure with Mr. Gordon's services. Even if Mr. Gordon provided incompetent representation, absent gross misconduct, such as abandonment or misrepresentations, his ineffectiveness does not amount to extraordinary circumstances. *See Seitzinger*, 165 F.3d at 240-42; *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) (finding that a lawyer's ordinary neglect or incompetence will not justify relief under Rule 60(b)(6)). Instead, the circumstances that Plaintiff has presented here may raise issues of malpractice.

Moreover, and more importantly, the substantial period of time it took Plaintiff to secure counsel between the Court's Dismissal Order and the filing of Plaintiff's motion to reopen is significant. Despite any difficulties Plaintiff may have had in securing legal representation, it was Plaintiff's burden to prosecute his claims -- with or without counsel. Neither the state government entities nor this Court to which he sent correspondence were obligated to assist him in finding an attorney or prosecuting his claims. I note that Plaintiff waited to file his original Complaint on the last possible day before the statute of limitations ran, and therefore, when the Complaint was dismissed, his claims were time barred, absent any equitable tolling.[5] Indeed, at this juncture,

---

[5] Plaintiff was not without options at the time of the dismissal. He could have – with or without replacement counsel – timely moved for reconsideration of the Dismissal

11

reopening this case at Plaintiff's request - for an incident that allegedly occurred almost seven years ago - would greatly prejudice Defendants, particularly since the delay was the result of Plaintiff's own choices. *See, e.g., Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965). Plaintiff simply failed to take the appropriate action since the Dismissal Order to timely revive his claims; put differently, Plaintiff sat on his rights for almost two years before moving to reopen his case. And, for this reason, I find that Plaintiff has failed to demonstrate extraordinary circumstances warranting relief under Rule 60(b)(6), and reconsideration of the Court's decision is not justified.

Accordingly, the Court having considered the parties' submissions in connection with Plaintiff's motion for reconsideration pursuant to Fed. R. Civ. P. 78, for the reasons set forth herein and for good cause shown,

**IT IS** on this 18th day of June, 2014

**ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.


/s/      Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

---

Order or moved to amend the judgment pursuant to Rule 59(e). And, in that context, Plaintiff could have argued for equitable tolling to revive his then-dismissed claims.